FARMER, J.
In this wrongful death, medical malpractice action, the Estate of the patient sued several doctors and his health maintenance organization (HMO) on various theories of liability for the patient’s death. Before trial, plaintiff settled with the HMO, and trial was had on the claims against the remaining physicians and their professional associations. The jury returned a verdict finding damages less than the amount of the settlement with the HMO. The remaining defendants moved for a setoff, which the trial court denied. We reverse.
In Grobman v. Posey, 863 So.2d 1230 (Fla. 4th DCA 2003), which also involved a settlement with an HMO in a medical malpractice action, we held that:
“setoff turns on whether [the HMO] was a party defendant to which the apportionment requirement of section 768.81(3) applied. If section 768.81(3) did not apply, then ... the failure to include it on the verdict form had no legal effect.”
863 So.2d at 1233. We went on to explain that:
“To decide whether section 768.81 applies requires more than determining whether the case at hand is a negligence case. One must examine the cause of action asserted against a settling defendant to determine if section 768.81 requires apportionment of liability with another defendant. Such an inquiry asks if the settling defendant was the type of defendant that could have been added as a Fabre [v. Marin, 623 So.2d 1182 (Fla.1993) ] defendant on the verdict form.”
863 So.2d at 1234. We further noted that section 768.81 requires apportionment of non-economic damages in cases involving joint tortfeasors, those whose independent acts unite in causing a single injury. Id. As regards the HMO, we held that “negligent credentialing of a health care provider, ‘involve[s] wrongful conduct both by the person who is derivatively liable and the actor whose wrongful conduct was the direct cause of injury to another.’ ” 863 So.2d at 1235-36. We found the HMO derivatively liable because it chose and employed the negligent provider, for whose negligence the HMO was liable “to the same extent as if [it] had done the work [itself].” 863 So.2d at 1236.
Plaintiff argues that our Grobman holding is not applicable in this case because here plaintiff pleaded an independent tort of “active negligence” against the HMO. Under this theory, plaintiff claims, the HMO was authorized under the contract to make examinations of the patient and the services being provided by those whom it had selected and, if not satisfactory, render the correct services itself. In other words, the HMO failed to correct the neglect of the provider it had chosen. Plaintiff argues this pleading theory distinguishes the substance of our holding in Grobman and thus supports the denial of the setoff.
' But it is at once obvious that plaintiff has merely pleaded an inconsequential variation on the very circumstance we *51 found in Grobman made the status of the HMO derivative. Under plaintiffs theory in this case, the HMO would not be derivatively liable because it failed to do what its contract authorized it to do — -to correct the fadings of its chosen providers. That is simply another way of saying that the HMO is liable to the injured plaintiff to the same extent as the provider because it could have, but failed to, do the work itself. 863 So.2d at 1236. We find that variation consistent with our Grobman holding. The setoff was required by statute.
Although we reverse the denial of setoff, we affirm the order during trial submitting the punitive damages claim to the jury. We do not agree that the issue is moot simply because of the verdict awarding no punitive damages. The record discloses evidence which a jury might conclude amounted to an entire want of care, a grossly careless disregard or reckless indifference, amounting to conscious neglect of the condition of the patient and its consequences. Amer. Cyanamid Co. v. Roy, 498 So.2d 859 (Fla.1986). We therefore agree that plaintiff presented a prima facie claim for a jury to consider exemplary damages.
KLEIN, J., and BARZEE FLORES, MARY, Associate Judge, concur.